IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO GONZALEZ-PULIDO, | : | CRIMINAL NO. |
| | : | 1:07-CR-0412-CAP-GGB-12 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-3939-CAP-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**FINAL REPORT AND RECOMMENDATION**

Movant, Marco Antonio Gonzalez-Pulido, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc.895]. Presently before the Court for consideration are Movant's § 2255 motion to vacate [Doc. 895] and the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 909].

I. Background

On February 12, 2008, a grand jury sitting in the Northern District of Georgia returned a superseding indictment charging Movant, along with 21 other co-conspirators, with drug trafficking and money laundering offenses, as well as possession of a weapon in furtherance of these drug activities. [Doc. 221]. Specifically, Movant was charged with (1) conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(ii)(II) (Count

One); (2) possession of a firearm in furtherance of a drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Six); and (3) conspiring to launder money, in violation of 18 U.S.C. § 1956(a)(2)(A) and (h) (Count Seven). [Id.].

On November 19, 2008, Movant entered a negotiated plea of guilty to the drug and money laundering conspiracies in Counts One and Seven of the superseding indictment. [Doc. 522]. Under the terms of the negotiated plea agreement, Movant waived his right to appeal or collaterally attack his sentence. [Id., Attach. 1].

On December 3, 2008, Movant signed a waiver of the right to a jury trial as to the weapons offense charged in Count Six. [Docs. 561, 566]. On March 9, 2009, the Court conducted a bench trial on this charge and, after hearing evidence and arguments from the parties, returned a verdict of guilty on Count Six. [Doc. 656, 815].

On June 4, 2009, the Court sentenced Movant to a term of 135 months of imprisonment for the drug and money laundering offenses, to be followed by a statutorily mandated consecutive term of 60 months of imprisonment for the firearm offense, for a total of 195 months to be served in custody. [Docs. 757, 761]. Movant was also sentenced to a concurrent term of supervised release of five years on Counts

One and Six and three years on Count Seven and was ordered to pay a special assessment of $300. [Id.].

On June 9, 2009, Movant filed a timely notice of appeal. [Doc. 764]. In his appeal, Movant argued that he was not served a copy of the pre-sentence investigation report at least 35 days before his sentencing hearing as required under Federal Rule of Criminal Procedure 32(e)(2). [Doc. 879]. The United States Court of Appeals for the Eleventh Circuit held that Movant's argument was barred by the appeal waiver in his plea agreement and dismissed his appeal on April 19, 2010. [Id.].

On December 1, 2010, Movant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. [Doc. 895]. In his motion, Movant raises the following grounds for relief:

1. ineffective assistance of counsel based on counsel's failure to:

    a. properly investigate the case;

    b. preserve and perfect the record on appeal;

    c. timely object to the pre-sentence investigation report;

    d. argue an alternative for the weapon punishment at sentencing; and

    2.    the Court lacked jurisdiction to impose a mandatory minimum sentence under 18 U.S.C. § 924(c)(1) for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.

[Doc. 895-1 at 2-3].

## II.    Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

A. Movant's Ineffective Assistance of Counsel Claims Are Conclusory and Without Merit.

Movant argues that his counsel was ineffective for failing to: properly investigate the case; preserve and perfect the record on appeal; timely object to the pre-sentence investigation report; and argue an alternative for the weapon punishment at sentencing.

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An

5

ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant's allegations of ineffective assistance are conclusory with no factual support of his claims. Movant makes no further argument regarding his counsel's alleged ineffective assistance beyond listing the above-referenced grounds. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (quoting United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)). Movant has neither shown counsel's performance to be inadequate nor any resulting prejudice–except for his own bald assertion that counsel was ineffective for the above-listed reasons. Id. See also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding any vague, conclusory, speculative, or unsupported claims are insufficient to establish ineffective assistance of counsel);

Hill v. Lockhart, 474 U.S. 52 (1985) (holding general allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable representation and prejudice prongs of ineffective assistance standard). Accordingly, Movant's claims of ineffective assistance of counsel in Ground One are conclusory and without merit.

B. Movant Was Properly Sentenced to a Consecutive Mandatory Minimum Sentence for the Firearm Offense.

Movant contends in Ground Two that the Court erred when it ran his sentence on the firearm offense consecutive to his sentence on the drug trafficking and money laundering offenses. More specifically, Movant argues that, under the "except" clause of 18 U.S.C. § 924(c), the longer minimum guideline range sentence on the drug trafficking and money laundering offenses precluded his consecutive mandatory minimum sentence on the firearm offense.

The "except" clause of § 924(c) states that:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in

7

addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A).

The Supreme Court has held that Congress meant the "except" clause to provide that, "if another provision of the United States Code mandates a punishment for using, carrying, or possessing a firearm in connection with a drug trafficking crime or crime of violence, and that minimum sentence is longer than the punishment applicable under § 924(c), then the longer sentence applies." Abbott v. United States, 131 S. Ct. 18, 29 (2010) (internal quotation marks and alteration omitted); see United States v. Segarra, 582 F.3d 1269, 1272–73 (11th Cir. 2009) (affirming consecutive sentences for convictions under §§ 841 and 924(c)), cert. denied, 131 S. Ct. 633 (2010); United States v. Martinez-Dempwolf, 416 F. App'x 33, 35 (11th Cir. 2011) (same).

Movant's argument is foreclosed by the Supreme Court's holding in Abbott. The fact that a sentencing guidelines range that exceeded five years applied to the drug trafficking and money laundering offenses for which Movant was also being sentenced did not preclude the imposition of the five-year minimum sentence for the

8

firearm offense.  See Martinez-Dempwolf, 416 F. App'x at 35.  Accordingly, Movant's claim in Ground Two is without merit.

IV.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right.  Movant's grounds for relief are without merit.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

V. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Marco Antonio Gonzalez-Pulido's motion to vacate sentence [Doc. 895] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 4th day of August, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE